THE PEOPLE OF THE STATE OF NEW YORK EX REL. ALEXANDER SHALER *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

*Removal from office by the mayor of New York — grounds thereof — he is not precluded from so doing, where the act complained of is a crime, until a criminal conviction thereof.*

The provisions of section 108 of chapter 410 of the Laws of 1882, the New York consolidation act, providing for the removal by the mayor, for cause, of the heads of all the departments of the city government, subject to the approval of the governor, authorize the removal of the president of the board of health of that city for a violation of the provision of the consolidation act, that no head of a department shall be interested in the purchase of any real estate taken by the corporation, and shall, on conviction thereof, forfeit his office and be punished as for a misdemeanor.

The mere fact that an officer guilty of such an offense thereby subjects himself to an additional punishment does not prevent his removal by the mayor for such act.

The cases holding that if an act is criminal, so that a conviction or acquittal in the court will determine the guilt or innocence of the accused, there must, before the removal of such party from office, be a conviction of the criminal act, but that otherwise there may be a removal without or independent of such conviction, are not dependent upon or decided under statutory provisions such as are contained in the New York consolidation act.

*People ex rel. Fitzpatrick* v. *French et al.* (32 Hun, 112), followed.

CERTIORARI to review the action of the mayor of the city of New York in removing the relator from the office of president of the board of health of that city, issued under an order made at the New York Special Term July 5, 1887.

*Elihu Root,* for the relator.

*W. L. Turner,* for the respondent.

VAN BRUNT, P. J.:

In June, 1886, the relator was president of the board of health, an office established by the consolidation act, relating to the city of New York, and, consequently, an officer of the corporation. While occupying this position the relator became interested in the purchase of real estate taken by the corporation, and for this cause, amongst others, proceedings were instituted against him and he was removed by the mayor.

484 PEOPLE ex rel. SHALER v. MAYOR, ETC., OF N. Y.

First Department, May Term, 1889.

In the above statement it has not been thought necessary to state the various other charges made against the relator, but to state simply and concisely the proposition upon which it is proposed to determine this application. By section 108 of the consolidation act the heads of all departments * * * may be removed by the mayor for cause, after opportunity to be heard, subject, however, before such removal shall take place, to the approval of the governor, expressed in writing. There is no claim upon the part of the relator that opportunity to be heard was not given, or that the approval of the governor was not obtained. But it is claimed that no sufficient cause was alleged or proved, as against the relator, to authorize the mayor to make the removal. Although, upon this proceeding, the court cannot review the decision upon the merits, yet there must be some evidence upon which to justify removal; and unless some sufficient cause is alleged, and there is some evidence tending to establish the same, then the mayor is without jurisdiction and cannot make the removal. The question, then, is whether the violation of the provision in the consolidation act (§ 59), that no head of department or other officer of the corporation shall be or become directly or indirectly interested in the purchase of any real estate taken by the corporation, constituted a sufficient cause for removal. It is claimed that it did not, because that section provided a punishment in case its provisions should be violated. It provides that if any person shall, during the term for which he was appointed, become so accused, he shall, on conviction thereof, forfeit his office and be punished as for a misdemeanor. It is claimed that this punishment having been provided in the statute for the offense, no other proceedings could be taken against the relator under any other provision of the consolidation act.

In this we think there is a clear error. The mayor has power to remove for cause, and any violation of a law which restricts the powers and duties of heads of departments is a cause for removal. The mere fact that he thereby subjects himself to an additional punishment is no answer to the claim that such act constitutes a cause for removal. Suppose there had been no provision whatever, that upon conviction the officer should forfeit his office and be punished as for a misdemeanor, and there had been simply the prohibition. It is clear that the mayor would have had the power to

remove the officer because of this violation of his duty, and simply because another and additional punishment is provided, in case he shall be convicted for having offended against this statutory provision, in no way renders it less a cause for the mayor to act.

The violation of the provision of the statute under which the officer holds his office is clearly a ground for the removing power to exercise its authority. That furnishes a cause, no matter what other punishment may follow or other methods of trial are provided to ascertain guilt, for the purpose of the infliction of this other punishment. It would be depriving the mayor of one of his most important powers. If an officer, in connection with his office, should commit a misdemeanor or a felony, the mayor would be utterly powerless to act, whereas, if the dereliction in duty did not reach the grade of a crime, his power would be ample, thus the graver the cause the less would be the power of the mayor.

In view of the provisions of the consolidation act, the offense of the relator was an offense in his capacity as the head of a department, and he, therefore, became amenable to the disciplinary power which the statute had conferred upon the mayor. The cases cited by the learned counsel for the relator, to the effect that if an act is criminal so that a conviction or acquittal in a court will determine the guilt or innocence of a party, there must be a conviction, but otherwise there may be a removal without or independent of a conviction, do not at all depend upon statutory provisions such as are contained in the consolidation act. And this claim seems to be disposed of by the case of *People ex rel. Fitzpatrick* v. *French et al.* (32 Hun, 112), where it is distinctly shown that the mere fact that the act which forms the cause for removal is capable of punishment as a criminal offense in no way shelters the official from the exercise of the summary power of the mayor, which was intended to meet every cause which could exist for the removal of a public officer named in the act.

The writ should be dismissed, with costs.

Lawrence, J., concurred.

Writ dismissed, with costs.